**BILLIE LM ADDLEMAN, #6-3690**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| PERRY STUDY, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | Civil No. 19-CV-211-SWS |
| | } | |
| PEABODY INVESTMENTS | } | |
| CORP. AND AFFILIATES WELFARE | } | |
| BENEFIT PLAN, and LINCOLN | } | |
| FINANCIAL GROUP, d/b/a LIBERTY | } | |
| LIFE ASSURANCE COMPANY | } | |
| OF BOSTON, | } | |
| | } | |
| Defendants. | } | |

## DEFENDANT PEABODY INVESTMENTS CORP. AND AFFILIATES WELFARE BENEFIT PLAN'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Peabody Investments Corp. and Affiliates Welfare Benefit Plan (hereinafter, the "Plan") for its Answer to the Complaint filed by Plaintiff Perry Study ("Study"), by and through counsel, states as follows:

1.      Defendant admits that Plaintiff was eligible to be a participant for disability benefits under the Plan. Defendant is without knowledge or information sufficient to form a belief regarding whether Plaintiff is a resident of Gillette, Wyoming. Defendant denies all remaining allegations of Paragraph 1 except as specifically admitted herein.

2.    Admitted.

3.    Defendant states that Defendant Lincoln Financial Group d/b/a Liberty Life Assurance Company of Boston ("Liberty Life") was the Claims Administrator under the Plan, but denies that it was the Plan Administrator as that term is defined.  Defendant is without information or knowledge sufficient to form a belief as to Liberty Life's principal place of business.  Defendant denies all remaining allegations in Paragraph 3.

4.    The allegations of Paragraph 4 state a legal conclusion to which no response is required.  To the extent that a response is required, Defendant admits that this Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA").

5.    The allegations of Paragraph 5 state a legal conclusion to which no response is required.  To the extent that a response is required, admits that venue is proper in this Court under ERISA, but Defendant denies that the Plan was administered in Wyoming and denies that there was any breach of the Plan, and denies all other allegations in Paragraph 5 except as specifically admitted herein.

6.    Defendant admits that Plaintiff was a participant in a group disability plan through his employment with an affiliate of Peabody at its mining operations in the Southern Powder River Basin in Wyoming.  Defendant denies that the disability plan was an insurance policy. Defendant denies all remaining allegations of Paragraph 6 except as specifically admitted herein.

7.    Defendant admits that the group disability plan was called the Peabody Investments Corp. and Affiliates Welfare Benefit Plan (the "Plan").  Defendant denies that the

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

– 2 –

disability plan was an insurance plan, and Defendant denies all remaining allegations of Paragraph 7 except as specifically admitted herein.

8.     Defendant admits that Defendant Liberty Life was designated as the Claims Administrator under the Plan and administered claims under the Plan. Defendant denies all remaining allegations of Paragraph 8 except as specifically admitted herein.

9.     Admitted.

10.     Defendant admits that on or about March 6, 2015, Liberty Life notified Plaintiff that he would receive long term disability benefits effective November 11, 2014. Defendant denies the remaining allegations of Paragraph 10 except as specifically admitted herein.

11.     Defendant admits that Plaintiff's gross monthly benefit was $3,430.96 subject to offsets and reductions as set forth in the Plan documents, including a reduction in the amount of Social Security Disability benefits Plaintiff may receive, workers' compensation benefits, and other offsets and reductions as set forth in the Plan. Defendant denies all remaining allegations of Paragraph 11 except as specifically admitted herein.

12.     Defendant admits that Plaintiff received long term disability benefits until November 10, 2016, reduced by certain Security Disability payments and certain other offsets and reductions. Defendant denies all remaining allegations of Paragraph 12 except as specifically admitted herein.

13.     Defendant admits that on or about October 30, 2016, Liberty Life sent Plaintiff correspondence containing the quoted language. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, and therefore denies the same.

14. Defendant admits that the Plan has a Claims Review and Appeals Process, which includes notice provisions. Defendant states that the Summary Plan Description ("SPD") speaks for itself, and denies all allegations of Paragraph 14 inconsistent therewith.

15. Defendant states that the October 30, 2016 correspondence and SPD speak for themselves, and Defendant denies all allegations of Paragraph 15 inconsistent therewith.

16. The allegations of Paragraph 16 state a legal conclusion to which no response is required. To the extent that any response is required, Defendant states that the October 30, 2016 correspondence speaks for itself, and Defendant denies all allegations of Paragraph 16 inconsistent therewith.

17. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 17, and therefore denies same.

18. Denied.

19. Defendant states that the SPD speaks for itself, and Defendant denies all allegations of Paragraph 19 inconsistent therewith, and denies all remaining allegations contained in Paragraph 19.

20. Denied.

21. Defendant states that the SPD speaks for itself, and Defendant denies all allegations of Paragraph 21 inconsistent therewith, and denies all remaining allegations contained in Paragraph 21.

22. Denied.

23. Denied.

24.    The allegations of Paragraph 24 are a legal conclusion to which no response is required.    To the extent that any response is required, Defendant denies the allegations of Paragraph 24.

25.    Defendant admits that on August 5, 2019, Plaintiff, through counsel, sent a letter to Liberty Life contesting the termination of his long term disability benefits and requesting allegedly back-due benefits minus offsets and deductions, and requesting benefits until he turns 65, as set forth in that letter.    Defendant states that the terms of the letter speak for themselves, and Defendant denies the allegations of Paragraph 25 to the extent they are inconsistent therewith.

26.    Defendant admits Liberty Life sent correspondence dated August 23, 2019, attached to the Complaint as Exhibit 2, and states that the terms of this document and the SPD speak for themselves.    Defendant denies the allegations of Paragraph 26 except as admitted herein.

27.    Defendant admits that Plaintiff was provided with the SPD (attached to the Complaint as Exhibit 3), which is the Plan Document.    Defendant denies all remaining allegations of Paragraph 27 except as specifically admitted herein.

28.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

29.    Defendant states that the SPD speaks for itself.    Defendant admits that the SPD contains, in part, the quoted language.    Defendant denies all allegations of Paragraph 29 inconsistent therewith.

30.    Defendant states that the SPD speaks for itself.  Defendant admits that the SPD contains, in part, the quoted language.  Defendant denies all allegations of Paragraph 30 inconsistent therewith.

31.    Defendant admits that Plaintiff, through counsel, sent correspondence to Liberty Life dated September 9, 2019, asking Liberty Life to reopen Plaintiff's claim.  Defendant states that the terms of the letter speak for themselves, and Defendant denies the allegations of Paragraph 31 to the extent they are inconsistent therewith.

32.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the same.

## FIRST CLAIM FOR RELIEF

33.    Defendant re-alleges and incorporates herein by reference its responses to Paragraphs 1 through 32 above, as if fully set forth herein.

34.    Defendant states that Count I is not directed to Defendant Plan, and so no response is required from Defendant Plan.  To the extent that any response is deemed required, Defendant admits that Liberty Life is the Claims Administrator and has been delegated certain discretionary authority with respect to determining long term disability claims.  Defendant denies all remaining allegations of Paragraph 34 except as specifically admitted herein.

35.    Defendant states that Count I is not directed to Defendant Plan, and so no response is required from Defendant Plan, and further the allegations of Paragraph 35 state a legal conclusion to which no response is required.  To the extent that any response is deemed required, Defendant admits that Liberty Life is the Claims Administrator and has been delegated

certain fiduciary duties with respect to administering long term disability claims. Defendant denies all remaining allegations of Paragraph 35 except as specifically admitted herein.

36.     Defendant states that Count I is not directed to Defendant Plan, and so no response is required from Defendant Plan, and further the allegations of Paragraph 36 state a legal conclusion to which no response is required. To the extent that any response is required, Defendant admits that 29 U.S.C. § 1104 contains the quoted provision, and denies all remaining allegations in Paragraph 36.

37.     Defendant states that Count I is not directed to Defendant Plan, and so no response is required from Defendant Plan. To the extent that any response is deemed required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore denies the same.

38.     Defendant states that Count I is not directed to Defendant Plan, and so no response is required from Defendant Plan. To the extent that any response is deemed required, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore denies the same.

39.     Defendant states that Count I is not directed to Defendant Plan, and so no response is required from Defendant Plan. To the extent that any response is deemed required, Defendant admits that Plaintiff purports to claim an equitable remedy but denies that Plaintiff is entitled to any equitable remedy, and denies all remaining allegations in Paragraph 39.

## SECOND CAUSE OF ACTION

40.     Defendant re-alleges and incorporates herein by reference its responses to Paragraphs 1 through 39 above, as if fully set forth herein.

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

– 7 –

41.     Denied.

42.     Denied.

## AFFIRMATIVE DEFENSES

Defendant, for its Affirmative Defenses to the Complaint, states as follows:

1.      Defendant denies all allegations not specifically admitted herein.

2.      The Complaint fails to state a claim for which relief can be granted, in whole or in part.

3.      Plaintiff's claims are barred because Plaintiff has failed to exhaust his administrative remedies, including his failure to timely file an appeal, and his failure to pursue a second level appeal to Peabody Investments Corporation, as set forth in the SDP.

4.      Plaintiff's claims are time-barred, as the Plan requires that any action under § 502(a) of ERISA must be brought within two years from the date of the plan administrator's decision.

5.      Count I must be dismissed because it is duplicative of Plaintiff's claim for benefits, and therefore does not request any "other appropriate equitable relief" as may be available under ERISA, 29 U.S.C. § 1001 et seq.

6.      The Complaint fails to state a claim to the extent that Plaintiff demands damages and other remedies that are not equitable relief and are not available under ERISA, 29 U.S.C. § 1001 et seq.

7.      Plaintiff's claims are barred and/or must be reduced, in whole or in part, by the doctrines of set off and recoupment, including but not limited to the extent of the Plan's workers'

compensation lien, any Social Security benefits Plaintiff or Plaintiff's dependents receive, and other offsets and deductions as set forth in the Plan.

8.   Plaintiff is not entitled to relief to the extent he did not meet or comply with all of the terms and conditions of the Plan, including continued proof of disability under the Plan.

9.   Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

10.   Plaintiff's claims are barred to the extent they have been released.

11.   Defendant reserves the right to assert any additional defenses of which it may subsequently become aware, and reserves its right to amend its Answer to assert the same.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint, with prejudice, and award Defendant its attorney's fees, pursuant to 29 U.S.C. § 1132(g), and for such other relief as is just and proper.

Dated:  30 December 2019.

<div style="margin-left:40%">

PEABODY INVESTMENTS CORP. AND
AFFILIATES WELFARE BENEFIT PLAN,
Defendant

BY: _____
**BILLIE LM ADDLEMAN, #6-3690**
OF HIRST APPLEGATE, LLP
Attorneys for Defendants
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com

</div>

## CERTIFICATE OF SERVICE

I certify the foregoing *Defendant Peabody Investments Corp. and Affiliates Welfare Benefit Plan's Answer and Affirmative Defenses* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 30 December 2019, and that copies were served as follows:

Jessica Rutzick
Jessica Rutzick & Associates, PC
P.O. Box 1867
Wilson, WY 83014
*Attorney for Plaintiff*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

OF HIRST APPLEGATE, LLP
Attorneys for Defendants Peabody Investments Corp.
and Affiliates Welfare Benefit Plan

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

– 10 –