Andrew M. Morse, #6-4014
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Salt Lake City, Utah  84111
PH:  (801) 521-9000
Email:  amm@scmlaw.com

Iwana Rademaekers
*(Motion Pro Hac Vice Pending)*
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT,
LINCOLN FINANCIAL GROUP d/b/a
LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

|  |  |  |
|---|---|---|
| | § | |
| PERRY STUDY, | § | |
| | § | CIVIL NO. 2:19cv00211-SWS |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| PEABODY  INVESTMENTS  CORP.  AND | § | |
| AFFILIATES WELFARE BENEFIT PLAN, | § | |
| and LINCOLN FINANCIAL GROUP d/b/a | § | |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LINCOLN FINANCIAL GROUP d/b/a LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lincoln Financial Group d/b/a Liberty Life Assurance Company of Boston[1] ("Lincoln"), by and through its counsel, answers or otherwise responds to Plaintiff's Complaint as follows:

### PARTIES TO THE ACTION

1.     Lincoln admits Plaintiff was, at certain times, employed by Peabody Energy, Inc., ("Peabody") a subsidiary of Peabody Investments Corp., and was at certain times, a participant in the Peabody Investments Corp. And Affiliates Welfare Benefit Plan (the "Plan") sponsored by Peabody Investments Corp.   Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this, and all remaining allegations contained in Paragraph 1 of the Complaint.

2.     To the extent the allegations contained in Paragraph 2 pertain to Defendant the Plan and its sponsor, Lincoln is not required to respond.   Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.     Lincoln admits that Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania.  Lincoln admits that it was properly served in this action.  Lincoln admits that long term disability ("LTD") benefits from the Plan are self-insured by Peabody Investments Corp. and that, at certain times, Lincoln provided certain services to the Plan pertaining to claims for LTD benefits under the terms of a contract.   Lincoln denies it was the Plan Administrator of the Plan and denies all remaining allegations contained in Paragraph 3 of the Complaint.

---

1   There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates.  Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

## JURISDICTION AND VENUE

4.      Lincoln admits Plaintiff's claims are governed by Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)) and that this Court has jurisdiction over this action.  Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.      Lincoln admits that the benefit plan at issue in this action is an "employee welfare benefits plan" as defined by ERISA.  Lincoln admits that venue is proper in this Court.  Lincoln denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Lincoln admits Plaintiff was, at certain times, employed by Peabody at its H-N Antelope/Rochelle location and that Plaintiff was, at certain times, a participant in the Plan.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits the allegations contained in Paragraph 7 of the Complaint.

8.      Lincoln admits that LTD benefits from the Plan are self-insured by Peabody Investments Corp. and that, at certain times, Lincoln provided certain services to the Plan pertaining to claims for LTD benefits under the terms of a contract.  Lincoln denies it was the Plan Administrator of the Plan and denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Lincoln admits that Plaintiff submitted a claim for LTD benefits from the Plan. Lincoln admits that certain documents concerning Plaintiff's medical complaints, injuries, and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits

from the Plan was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it sent a letter dated March 6, 2015, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff received, at certain times, LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Plaintiff's gross monthly benefit under the Plan was $3,430.96 and that this benefit was subject to offsets pursuant to the terms of the documents governing the Plan, including offset and/or repayment of any award of other income or benefits received by Plaintiff, including workers' compensation benefits and disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff received, at certain times, LTD benefits from the Plan and that this benefit was subject to offsets pursuant to the terms of the documents governing the Plan, including offset and/or repayment of any award of other income or benefits received by Plaintiff, including workers' compensation benefits and disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it sent a letter dated October 30, 2016, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. To the extent that the allegations contained in Paragraph 14 of the Complaint seek to interpret the provisions of the plan documents, Lincoln refers to the documents governing the Plan themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it sent a letter dated October 30, 2016, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it sent a letter dated October 30, 2016, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 16 of the Complaint contain legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain documents concerning Plaintiff's medical complaints, injuries, and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln admits it sent a letter dated October 30, 2016, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits it sent a letter dated October 30, 2016, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 18 of the Complaint contain legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that the allegations contained in Paragraph 19 of the Complaint seek to interpret the provisions of the documents governing the Plan, Lincoln refers to the documents

governing the Plan themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it sent a letter dated October 30, 2016, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 20 of the Complaint contain legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. To the extent that the allegations contained in Paragraph 21 of the Complaint seek to interpret the provisions of the documents governing the Plan, Lincoln refers to the documents governing the Plan themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln denies all allegations contained in Paragraph 22 of the Complaint.

23. Lincoln denies all allegations contained in Paragraph 23 of the Complaint.

24. To the extent that the allegations contained in Paragraph 24 of the Complaint are legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it received a letter from Plaintiff's counsel dated August 5, 2019, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits it sent a letter dated August 23, 2019, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln is without sufficient knowledge to either admit or deny allegations concerning communications between Plaintiff and Peabody, and accordingly, denies this, and all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that LTD benefits from the Plan are self-insured by Peabody Investments Corp. and that, at certain times, Lincoln provided certain services to the Plan pertaining to claims for LTD benefits under the terms of a contract. Lincoln admits it received a request for plan documentation and responded to that request on September 4, 2019. Lincoln denies it was the Plan Administrator of the Plan and denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. To the extent that the allegations contained in Paragraph 29 of the Complaint seek to interpret the provisions of the documents governing the Plan, Lincoln refers to the documents governing the Plan themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. To the extent that the allegations contained in Paragraph 30 of the Complaint seek to interpret the provisions of the documents governing the Plan, Lincoln refers to the documents governing the Plan themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits it received a letter dated September 9, 2019, from Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits it received a letter dated September 9, 2019, from Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint

## FIRST CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY AS AGAINST LIBERTY LIFE

33.     Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 32 of the Complaint as though fully set forth in response to Paragraph 33 of the Complaint.

34.     Lincoln admits that LTD benefits from the Plan are self-insured by Peabody Investments Corp. and that, at certain times, Lincoln provided certain services to the Plan pertaining to claims for LTD benefits under the terms of a contract.  Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35.     To the extent that the allegations contained in Paragraph 35 of the Complaint are legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36.     To the extent that the allegations contained in Paragraph 36 of the Complaint are legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37.     Lincoln denies all allegations contained in Paragraph 37 of the Complaint.

38.     Lincoln denies all allegations contained in Paragraph 38 of the Complaint.

39.     Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan.  Lincoln denies Plaintiff is entitled to any such relief or recovery from it and denies all remaining allegations contained in Paragraph 39 of the Complaint.

## SECOND CAUSE OF ACTION
### PLAN BENEFITS

40.     Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 39 of the Complaint as though fully set forth in response to Paragraph 40 of the Complaint.

41.     Lincoln denies all allegations contained in Paragraph 41 of the Complaint.

42.     Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan.  Lincoln denies Plaintiff is entitled to any such relief or recovery from it and denies all remaining allegations contained in Paragraph 42 of the Complaint.

Lincoln denies all allegations contained in of the Prayer of the Complaint, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     Plaintiff's claim for prejudgment interest under state law is preempted by ERISA.

3.     Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

4.     The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for LTD benefits was an abuse of discretion because the documents governing the Plan contain sufficient discretionary language.

5.     Plaintiff's recovery of benefits, if any, is subject to offsets pursuant to the terms of the documents governing the Plan, including offset and/or repayment of any award of other income or benefits received by Plaintiff, including workers' compensation benefits and disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

6.     Lincoln expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

7.     Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

8.     The Plaintiff's claims are barred to the extent the Complaint was not filed within the plan document or statutory limitations period.

9.     Lincoln is not an entity from which Plaintiff may recover benefits as benefits from the Plan are self-insured by Peabody Investments Corp. and Lincoln only provided certain services to the Plan pertaining to claims for LTD benefits from the Plan under the terms of a contract.

WHEREFORE, Lincoln prays that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated the 30th day of December 2019.

Respectfully submitted,

SNOW, CHRISTENSEN & MARTINEAU

By:     /s/ *Andrew M. Morse*
            Andrew M. Morse, #6-4014

COUNSEL FOR DEFENDANT, LINCOLN
FINANCIAL GROUP d/b/a LIBERTY LIFE
ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, District of Wyoming, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Jessica Rutzick
E-mail: jrutzick@rutzicklaw.com
COUNSEL FOR PLAINTIFF

and

Billie L M Addleman
Email:  baddleman@hirstapplegate.com
COUNSEL FOR DEFENDANT PEABODY
INVESTMENT CORP AND AFFILIATES
WELFARE BENEFIT PLAN

Dated:   December 30, 2019        By:  /s/ *Andrew M. Morse*
                                      Andrew M. Morse, Esq.